Bruce MCKINNEY; Washington Campaign for the Restoration & Regulation of Hemp, Washington Nonprofit Corporation, Plaintiffs—Appellees,

v.

Douglas Paul STANFORD, aka D. Paul Stanford; Campaign for the Restoration & Regulation of Hemp, Oregon Nonprofit Corporation, Defendants—Appellants.

No. 03–35380.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 17, 2004.

James Ray Streinz, McEwen, Gisvold, Rankin, Carter and Streinz, Portland, OR, for Plaintiffs–Appellees.

Ann B. Witte, Esq., Portland, OR, for Defendants–Appellants.

Before: LEAVY, TROTT, Circuit Judges, and POLLAK,* Senior District Judge.

MEMORANDUM **

Douglas Paul Stanford appeals from the entry of default judgment. He argues that the magistrate judge abused his discretion by denying Stanford's Rule 55 motion to

of this circuit except as provided by Ninth Circuit Rule 36–3.

* Hon. Louis H. Pollak, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

set aside the entry of default and not allowing Stanford an opportunity to present affirmative evidence. We disagree and affirm.

The magistrate judge properly exercised his discretion by declining to vacate the entry of default because he applied the correct standard for setting aside the entry of default and reasonably concluded that Stanford's conduct was culpable. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir.2004). Stanford's counsel agreed to the procedure used at the default judgment hearing, and it was not an abuse of discretion to prevent Stanford from presenting affirmative evidence.

**AFFIRMED.**

---

* Honorable Rudi M. Brewster, Senior District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.